IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR401 |
| vs. | |
| ALLEN WILLIAMS, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Allen Williams (Williams), Motion to Suppress (Filing No. 20). Williams is charged in the Indictment with the September 24, 2013, possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). **See** Filing No. 1 - Indictment. Williams seeks to suppress all evidence and statements obtained as a result of the September 24, 2013, search of Williams' residence by Omaha Police Department (OPD) officers. **See** Filing No. 20 - Motion. Williams submitted a brief (Filing No. 21) in support of the motion on January 6, 2014. In response, also on January 6, 2014, the government filed a brief (Filing No. 22) and index of evidence (Filing No. 23), which was comprised of an Affidavit and Application, Search Warrant, and Return and Inventory. Williams did not file a reply to the government's response. The court finds an evidentiary hearing is unnecessary; therefore, Williams' request for an evidentiary hearing is denied.

**FINDINGS OF FACT**

According to the Affidavit and Application for the search warrant, the facts are as follows:

On August 20, 2013, an OPD employee answered a phone call from an anonymous person. **See** Filing No. 23-1 - Affidavit and Application p. 2. According to a Drug Activity Report the employee generated, the anonymous person mentioned the name "Bugs" and indicated there was heavy traffic at 2519 South 12th Street, Omaha, Nebraska. **Id.** Based on OPD Officer Robert Branch's (Officer Branch) experience, heavy traffic to and from a residence is indicative of drug sales. **Id.**

On September 24, 2013, Officers Branch and Adolpho Hernandez (Officer Hernandez) met with a confidential informant (CI). **Id.** at 1. Officer Branch noted the CI was familiar with methamphetamine and how methamphetamine was packaged for sale. **Id.** at 2. Officer Branch also noted the CI had made a controlled buy under Officer Branch's supervision and previously provided reliable and accurate information leading to felony arrests and issuance of search warrants. **Id.**

The CI informed Officers Branch and Hernandez that the CI knew an individual, Williams, known as "Bug," who was involved in distributing methamphetamine. *Id.* at 1. The CI described Williams as a black male, approximately twenty-five to thirty years of age, and to be around 6'5" and 220 pounds. *Id.* The CI stated Williams lived in the area of 12th and Vinton Streets in Omaha, Nebraska. *Id.* at 2. Officers Branch and Hernandez transported the CI to that area and the CI identified 2519 South 12th Street, Omaha, Nebraska, as Williams' residence. *Id.*

The CI stated that within the past 48 hours he/she was in Williams' residence and observed Williams sell a small quantity of methamphetamine. *Id.* at 1. The CI also noted Williams had an additional small amount of methamphetamine and a small pistol on his person. *Id.* The CI stated Williams' residence had numerous cameras around the residence. *Id.* Officer Branch considered security cameras, in addition to heavy traffic to and from the residence, as indicative of drug sales. *Id.* Officer Branch presented a photo of Williams to the CI. *Id.* The CI positively identified Williams as the individual the CI saw distributing methamphetamine at 2519 South 12th Street, Omaha, Nebraska. *Id.* at 2.

Officer Branch conducted a search of Williams in the Nebraska Criminal Justice Information System. *Id.* Williams' criminal history showed he was arrested for possession of amphetamine on January 31, 2008, and for possession of amphetamine and conspiracy on March 28, 2008. *Id.* Officer Branch also conducted an OPD Field Observation search for Williams and located a report from June 4, 2013, which indicated Williams dated Patricia Jacobsen (Jacobsen). *Id.* Officer Branch noted Jacobsen was listed as the subscriber for service through Metropolitan Utilities District for 2519 South 12th Street, Omaha, Nebraska. *Id.* A Douglas County criminal history search showed Jacobsen was arrested on September 26, 2006, and August 6, 2013, for possession with intent to deliver methamphetamine. *Id.* Subsequently, Officer Branch obtained and executed the search warrant on September 24, 2013. *Id.* at 6-11 - Return and Inventory. Officer Branch seized thirty-six items of evidentiary value. *Id.*

## LEGAL ANALYSIS

Williams argues the Affidavit and Application are deficient because the information contained within does not give rise to probable cause that evidence of a crime would be located at Williams' residence. **See** Filing No. 21 - Brief p. 3. Williams argues the only information the CI provided was that Williams had a small amount of methamphetamine at his residence within the previous forty-eight hours. *Id.* Williams contends there was no information the


methamphetamine would still be at the residence.  *Id.*  Williams asserts the officers did not conduct surveillance, a trash pull, or a controlled buy to corroborate the CI's information.  *Id.*

An affidavit for a search warrant must contain probable cause of four ingredients:  time, crime, objects, and place.  2 Wayne R. LaFave, Search & Seizure § 3.7(d) at 412 (4th ed. 2004).  When reviewing the sufficiency of an affidavit "[a] totality of the circumstances test is used to determine whether probable cause exists.  Courts should apply a common sense approach and, considering all relevant circumstances, determine whether probable cause exists."  **United States v. Hager**, 710 F.3d 830, 836 (8th Cir. 2013).  "[J]udges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant."  **Hager**, 710 F.3d at 836.  "Probable cause is established when there is a fair probability that the object of the search warrant may be found in the place to be searched."  **United States v. Romo-Corrales**, 592 F.3d 915, 919 (8th Cir. 2010) (internal quotation omitted).  "An informant's tip can be sufficient to establish probable cause if the informant has a track record of supplying reliable information or if the tip is corroborated by independent evidence."  **United States v. Gabrio**, 295 F.3d 880, 883 (8th Cir. 2002); **see also United States v. Winarske**, 715 F.3d 1063, 1067 (8th Cir. 2013); **United States v. Howard**, 532 F.3d 755, 759 (8th Cir. 2008); **United States v. Williams**, 477 F.3d 554, 559-60 (8th Cir. 2007).

As the Supreme Court stated in *Illinois v. Gates*:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983).  When relying on an affidavit to establish probable cause, "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit."  **United States v. Stults**, 575 F.3d 834, 843 (8th Cir. 2009).  "Probable cause must exist when a warrant is issued, not merely at some earlier time, but there is no bright-line test for determining when information is stale. . . ."  **United States v. Morrison**, 594 F.3d 626, 631 (8th Cir. 2010); **see also United States v. Caswell**, 436 F.3d 894, 898 (8th Cir. 2006) (holding that "[a] time lapse between the informant's disclosure and the search warrant's execution does not necessarily make probable cause fatally stale") (internal quotations and citation omitted).  Courts provide "great deference to the issuing judge's determination that [the] affidavit established probable cause."  **United States v. Keele**, 589 F.3d 940, 943 (8th Cir. 2009).

The court finds the affidavit contained probable cause that drugs, drug proceeds, and other evidence of drug transactions would be found at 2519 South 12th Street, Omaha, Nebraska.  The CI witnessed Williams sell methamphetamine and saw Williams with additional methamphetamine.  The CI provided reliable and accurate information in the past therefore, the CI's information is sufficiently reliable to support a finding of probable cause.  Officer Branch was not required to conduct a trash pull or surveillance to corroborate the CI's information as Williams argues.  Nevertheless, Officer Branch had information that a month prior to the CI's involvement with Williams, there was suspected drug activity occurring at Williams' residence and the residence utilized security cameras, which, based on Officer Branch's experience and in conjunction with high traffic at the residence, is indicative of drug sales.

Williams also challenges statements he made to officers after the search of his residence.  **See** Filing No. 20 - Motion, Filing No. 21 - Brief p. 2.  Williams admits he waived his *Miranda* rights but contends the statements were the fruit of an unlawful search.  Williams does not otherwise challenge the admissibility of his statements.  Because the court finds there was no infirmity with the Affidavit and Application, there is no "fruit of the poisonous tree" issue to address.  Accordingly,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON**:

The defendant's Motion to Suppress (Filing No. 20) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 13th day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge