IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLEN WILLIAMS,<br><br>      Defendant. | 8:13CR401<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the defendant's objections, Filing No. 25, to the findings and recommendation (F&R) of the magistrate judge, Filing No. 24. The defendant is charged in a single-count indictment charging the defendant with knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, or salts of its isomers in violation of 21 U.S.C. 841(a)(1). Filing No. 1, Indictment. The defendant filed a motion to suppress and request for evidentiary hearing and oral argument. Filing No. 20. The magistrate judge found that an evidentiary hearing was unnecessary. Filing No. 24. The magistrate judge recommended that this court deny the motion to suppress. *Id.*

  Pursuant to 28 U.S.C. § 636(b)(1)(A), this court conducts a de novo review of the magistrate judge's findings to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court reviewed the entire record, adopts the magistrate judge's F&R, and overrules the defendant's objections.

## BACKGROUND

  The court has reviewed the facts stated by the magistrate judge and the parties. The court finds the magistrate judge is correct in all respects and adopts his findings of facts as follows:

According to the Affidavit and Application for the search warrant, the facts are as follows:

On August 20, 2013, an OPD employee answered a phone call from an anonymous person. *See* Filing No. 23-1 - Affidavit and Application p. 2. According to a Drug Activity Report the employee generated, the anonymous person mentioned the name "Bugs" and indicated there was heavy traffic at 2519 South 12th Street, Omaha, Nebraska. *Id.* Based on OPD Officer Robert Branch's (Officer Branch) experience, heavy traffic to and from a residence is indicative of drug sales. *Id.*

On September 24, 2013, Officers Branch and Adolpho Hernandez (Officer Hernandez) met with a confidential informant (CI). *Id.* at 1. Officer Branch noted the CI was familiar with methamphetamine and how methamphetamine was packaged for sale. *Id.* at 2. Officer Branch also noted the CI had made a controlled buy under Officer Branch's supervision and previously provided reliable and accurate information leading to felony arrests and issuance of search warrants. *Id.*

The CI informed Officers Branch and Hernandez that the CI knew an individual, Williams, known as "Bug," who was involved in distributing methamphetamine. *Id.* at 1. The CI described Williams as a black male, approximately twenty-five to thirty years of age, and to be around 6'5" and 220 pounds. *Id.* The CI stated Williams lived in the area of 12th and Vinton Streets in Omaha, Nebraska. *Id.* at 2. Officers Branch and Hernandez transported the CI to that area and the CI identified 2519 South 12th Street, Omaha, Nebraska, as Williams' residence. *Id.*

The CI stated that within the past 48 hours he/she was in Williams' residence and observed Williams sell a small quantity of methamphetamine. *Id.* at 1. The CI also noted Williams had an additional small amount of methamphetamine and a small pistol on his person. *Id.* The CI stated Williams' residence had numerous cameras around the residence. *Id.* Officer Branch considered security cameras, in addition to heavy traffic to and from the residence, as indicative of drug sales. *Id.* Officer Branch presented a photo of Williams to the CI. *Id.* The CI positively identified Williams as the individual the CI saw distributing methamphetamine at 2519 South 12th Street, Omaha, Nebraska. *Id.* at 2.

Officer Branch conducted a search of Williams in the Nebraska Criminal Justice Information System. *Id.* Williams' criminal history showed he was arrested for possession of amphetamine on January 31, 2008, and for possession of amphetamine and conspiracy on March 28, 2008. *Id.* Officer Branch also conducted an OPD Field Observation search for Williams and located a report from June 4, 2013, which indicated Williams dated Patricia Jacobsen (Jacobsen). *Id.* Officer Branch noted Jacobsen was listed as the subscriber for service through Metropolitan Utilities District for 2519 South 12th Street, Omaha, Nebraska. *Id.* A Douglas County criminal history search showed Jacobsen was arrested on September 26, 2006, and August 6, 2013, for possession with intent to deliver methamphetamine. *Id.* Subsequently,

2

Officer Branch obtained and executed the search warrant on September 24, 2013. *Id.* at 6-11 - Return and Inventory. Officer Branch seized thirty-six items of evidentiary value. *Id.*

Filing No. 24.

## DISCUSSION

### A.  Evidence Seized from the Search Warrant

"[E]vidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of an illegal search and seizure." *United States v. Calandra*, 414 U.S. 338, 347 (1974).  A search warrant may only be issued when based upon probable cause, "supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

For there to be probable cause to issue a search warrant, there must be "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see United States v. Romo-Corrales*, 592 F.3d 915, 919 (8th Cir. 2010).  The probable cause determination must be based upon only that information which is found within the four corners of the affidavit, when the only basis for probable cause is the affidavit. *United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009) (quoting *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006)).  Courts should consider all relevant circumstances and use a common sense approach to determine whether probable cause exists. *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013); *see Gates*, 462 U.S. at 230 (stating that courts examine the totality of the circumstances, including the "veracity" and "basis of knowledge" of information). "An informant's tip can be sufficient to establish probable cause if the informant 'has a track record of supplying reliable information' or if the tip 'is corroborated by

3

independent evidence.'" *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) (quoting *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993)).

Probable cause must exist at the time a warrant is issued. *United States v. Morrison*, 594 F.3d 626, 631 (8th Cir. 2010) (citing *United States v. Jeanetta*, 533 F.3d 651, 655 (8th Cir. 2008)). The probable cause must not be based on some earlier time. *Id.* However, "there is no bright-line test for determining when information is stale." *Id.* The passage of time between when an informant passes along information and when a search warrant is executed "does not necessarily make probable cause fatally stale." *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006) (internal quotations omitted).

The duty of the reviewing court is "to ensure that the magistrate had a 'substantial basis for…conclud[ing] that probable cause existed.'" *Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Great deference is provided "to the issuing judge's determination that [the] affidavit established probable cause." *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (internal quotation and citation omitted).

The court finds the affidavit contained probable cause that a search would find drugs, drug proceeds, and other evidence of drug transactions at 2519 South 12th Street, Omaha, Nebraska. The defendant argues that Officer Branch was required to conduct a trash pull, perform a controlled delivery, or survey the residence to corroborate the CI's information. However, Officer Branch was not required to perform these tasks. The record shows that the officer based the affidavit on information from multiple sources, not just the CI's information.

4

First, Officer Branch had information received from an anonymous phone call referencing an individual known as "Bugs" and high traffic to and from 2519 South 12th Street, Omaha, Nebraska.  Second, Officer Branch met with a CI, who had proven to be reliable in the past, who provided the officer with numerous pieces of information that supported the finding of probable cause.  Based on Officer Branch's experience, the information provided by the CI combined with the information of high traffic to and from the residence was indicative of drug sales.  Finally, Officer Branch conducted two searches to further inquire into Williams' ties to 2519 South 12th Street, Omaha, Nebraska.

Based on the information within the affidavit, the magistrate judge had a substantial basis for concluding that probable cause existed.  The court finds that the evidence seized from the execution of the search warrant will not be suppressed.

### B. Williams' Incriminating Statements

Courts exclude evidence that is the fruit of an unlawful action. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963); *United States v. Riesselman*, 646 F.3d 1072, 1078 (8th Cir. 2011).  "[V]erbal evidence which derives so immediately from an unlawful entry…is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion."  *Wong Sun*, 371 U.S. at 485; *see Riesselman*, 646 F.3d at 1078-79.

The defendant challenges the statements he made to the officers after the search of his residence.  Although he admits that he waived his *Miranda* rights, he contends the statements were the fruit of an unlawful search.  Because the court finds that probable cause existed for issuance of the search warrant, there is no "fruit of the

5

poisonous tree" issue to address. Accordingly, the court finds that the defendant's motion to suppress his incriminating statements should be denied.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's motion to suppress and request for evidentiary hearing and oral argument, Filing No. 20, is denied;

2. The defendant's objections, Filing No. 25, are overruled; and

3. The F&R of the magistrate judge, Filing No. 24, is adopted.

Dated this 3rd day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge